UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL GEBHARDT,

             Plaintiff,

      v.

PARSLEY ENERGY, INC., BRYAN
SHEFFIELD, MATT GALLAGHER, A.R.
ALAMEDDINE, RONALD BROKMEYER,
WILLIAM BROWNING, HEMANG DESAI,
KAREN HUGHES, JAMES J. KLECKNER,
DAVID H. SMITH, S. WIL VANLOH, JR.,
and JERRY WINDLINGER,

             Defendants.

---

Case No._____

**COMPLAINT FOR VIOLATIONS OF
THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

---

Plaintiff Paul Gebhardt ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.     Plaintiff brings this action against Parsley Energy, Inc. ("Parsley" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to be acquired by Pioneer Natural Resources Company ("Pioneer"), through Parsley Energy, LLC ("Parsley LLC") and Pioneer's wholly owned subsidiaries, Pearl First Merger Sub Inc., Pearl Second Merger Sub LLC, and Pearl Opco Merger Sub LLC (the "Proposed Transaction").

2.      On October 20, 2020, Parsley announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Parsley stockholder will receive 0.1252 Pioneer shares for each Parsley share held.  Upon completion of the merger, Pioneer shareholders will own approximately 76% of the combined company and Parsley shareholders will own approximately 24% of the combined company.

3.      On December 4, 2020, Parsley filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC.  The Proxy is materially deficient and misleading because, *inter alia,* it fails to disclose material information regarding: (i) Parsley's and Pioneer's financial projections; (ii) the financial analyses that support the fairness opinions provided by the Company's financial advisors, Credit Suisse Securities (USA) LLC ("Credit Suisse") and Wells Fargo Securities, LLC ("Wells Fargo"); (iii) the background of the Proposed Transaction; and (iv) Credit Suisse's and Wells Fargo's potential conflicts of interest.  Without additional information, the Proxy is materially misleading in violation of the federal securities laws.

4.      The stockholder vote to approve the Proposed Transaction is forthcoming.  Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Parsley's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Parsley.

9.      Defendant Parsley is a Delaware corporation with its principal executive offices located at 303 Colorado Street, Suite 3000, Austin, Texas 78701.  The Company is the sole managing member of Parsley LLC.  Parsley's common stock trades on the New York Stock Exchange under the ticker symbol "PE."

10.      Defendant Bryan Sheffield is Executive Chairman of the Board and has served as a director of the Company since 2008.

11.      Defendant Matt Gallagher is President and Chief Executive Officer ("CEO") of the Company and has served as a director since 2018.

12.      Defendant A.R. Alameddine has served as a director of the Company since 2013.

13.      Defendant Ronald Brokmeyer has served as a director of the Company since 2016.

14.      Defendant William Browning has served as a director of the Company since 2014.

15.     Defendant Hemang Desai has served as a director of the Company since 2014.

16.     Defendant Karen Hughes has served as a director of the Company since 2017.

17.     Defendant James J. Kleckner has served as a director of the Company since 2020.

18.     Defendant David H. Smith has served as a director of the Company since 2013.

19.     Defendant S. Wil VanLoh, Jr. has served as a director of the Company since 2020.

20.     Defendant Jerry Windlinger has served as a director of the Company since 2016.

21.     Defendants identified in paragraphs 10-20 are referred to herein as the "Board" or the "Individual Defendants."

22.     Relevant non-party Pioneer is a Delaware corporation with its principal executive offices located at 777 Hidden Ridge, Irving, Texas 75038.  Pioneer's common stock trades on the New York Stock Exchange under the ticker symbol "PXD."

23.     Parsley LLC is a Delaware limited liability company and a majority-owned subsidiary of Parsley.  Parsley is the sole managing member of Parsley LLC, holds a controlling equity interest in Parsley LLC, and manages the business and affairs of Parsley LLC and its subsidiaries.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

24.     Parsley is an independent oil and natural gas company focused on the acquisition, development, exploration and production of unconventional oil and natural gas properties in the Permian Basin.  Parsley's properties are located in two sub areas of the Permian Basin, the Midland and Delaware Basins, where, given the associated returns, it focuses predominantly on horizontal development drilling.

25.     As of December 31, 2018, Parsley had an interest in 571 gross (442.7 net) productive horizontal wells, of which 467 gross (357.5 net) wells are in the Midland Basin and

104 gross (85.2 net) wells are in the Delaware Basin.  As of December 31, 2018, the Company

operated 453 gross (425.3 net) of these horizontal wells and had the rights to develop 267,143

gross (198,946 net) acres in the Permian Basin, with approximately 218,525 gross (154,107 net)

acres located in the Midland Basin and 48,618 gross (44,839 net) acres located in the Delaware

Basin.  At December 31, 2018, Parsley's estimated proved oil, natural gas and natural gas liquids

("NGLs") reserves were 521.7 million barrels of oil equivalent ("MMBoe") based on an internal

reserve report.

26.     On October 28, 2020, Parsley announced its third quarter 2020 financial results.

For the quarter, oil production increased by 21% to 111.0 thousand barrels of oil ("MBo") per day,

compared to the third quarter of 2019.  The Company paid a quarterly dividend of $0.05 per share

on September 18, 2020 and declared fourth quarter 2020 quarterly dividend of $0.05 per share,

payable on December 18, 2020.

27.     On October 20, 2020, the Company issued a press release announcing the Proposed

Transaction, which states, in relevant part:

> DALLAS & AUSTIN, Texas -- Pioneer Natural Resources Company (NYSE:PXD)
> ("Pioneer" or "the Company") and Parsley Energy, Inc. (NYSE:PE) ("Parsley")
> today announced that they have entered into a definitive agreement under which
> Pioneer will acquire all of the outstanding shares of Parsley in an all-stock
> transaction valued at approximately $4.5 billion as of October 19, 2020.  Under the
> terms of the agreement, Parsley shareholders will receive a fixed exchange ratio of
> 0.1252 shares of Pioneer common stock for each share of Parsley common stock
> owned.  The total value for the transaction, inclusive of Parsley debt assumed by
> Pioneer, is approximately $7.6 billion.
>
> Scott D. Sheffield, Pioneer's President and CEO stated, "This transaction creates
> an unmatched independent energy company by combining two complementary and
> premier Permian assets, further strengthening Pioneer's leadership position within
> the upstream energy sector.  Parsley's high-quality portfolio in both the Midland
> and Delaware Basins, when added to Pioneer's peer-leading asset base, will
> transform the investing landscape by creating a company of unique scale and
> quality that results in tangible and durable value for investors.

This combination is expected to drive annual synergies of $325 million and to be accretive to cash flow per share, free cash flow per share, earnings per share and corporate returns beginning in the first year, creating an even more compelling investment proposition.  Further, Pioneer's emphasis on environmental stewardship aligns with Parsley's culture of sustainable operations.  The addition of Parsley's high-quality assets enhances Pioneer's investment framework by improving our free cash flow profile and strengthening our ability to return capital to shareholders.  We look forward to integrating Parsley into Pioneer and continuing our history of strong execution."

Matt Gallagher, Parsley's President and CEO stated, "The combination of Parsley and Pioneer creates an organization set to thrive as we forge a strong new link at the low end of the global cost curve.  With neighboring acreage positions located entirely in the low-cost, high-margin Permian Basin, the industrial logic of this transaction is sound.  Furthermore, the Pioneer team shares our belief that a clear returns-focused mindset is the best tool to compete for capital within the broader market.  Sustainable free cash flow and growing return of capital are now investment prerequisites for the energy sector and this combination strengthens those paths for our shareholders.  Finally, I would like to personally thank every employee of Parsley Energy for their role in the evolution of this company – from operating a few dozen vertical wells in 2008 to a global leadership position in E&P operations today."

S. Wil VanLoh, Jr., a Parsley director and the Founder and Chief Executive Officer of Quantum Energy Partners, Parsley's largest shareholder, commented, "The inevitable consolidation in the Permian marches on and I couldn't think of a better combination of assets than Pioneer and Parsley.  This combination will provide Parsley shareholders new structural advantages including a lower cost of capital, a fortified balance sheet, economies of scale, and enhanced ESG capabilities, while amplifying all of the relative strengths of our standalone model.  We look forward to partnering with the Pioneer team as they cement their position as the premier independent E&P."

**Strategic and Financial Benefits**

- **Accretive to Key Financial Metrics** – Pioneer expects the transaction to be accretive on key financial metrics including cash flow and free cash flow per share, earnings per share and return on capital employed beginning in 2021.  The enhanced cash flow generation of the combined company strengthens Pioneer's investment framework creating a more robust free cash flow profile while lowering the reinvestment rate to a range of 65% to 75% at strip pricing.

- **Significant Synergies** – The combination of Pioneer and Parsley is expected to result in annual cost savings of approximately $325 million through operational efficiencies and reductions in general and

administrative (G&A) and interest expenses.  The expected present value of these cost savings exceeds $2 billion over a ten-year period.  Operational savings are driven by the utilization of shared facilities, overlapping operations, scale efficiencies and benefits provided by Pioneer's extensive water infrastructure.  Further synergies are realized from adjacent acreage footprints and the ability to drill extended laterals where lease configurations of the separate companies prevented long-lateral horizontal wells.

- **Unmatched Permian Scale** – The combined company will be the leading Permian independent exploration and production company with a premium asset base of approximately 930,000 net acres with no federal acreage and a production base of 328 thousand barrels of oil per day and 558 thousand barrels oil equivalent per day as of the second quarter of 2020.  Additionally, based on year-end 2019 proved reserves, this transaction will increase Pioneer's proved reserves by approximately 65%.

- **Top-Tier Balance Sheet** – Pioneer's pro forma leverage will remain among the lowest in the industry, preserving the Company's financial flexibility and allowing for significant return of capital to shareholders.  The combined company is expected to benefit from approximately $75 million per year in lower interest expense and will gradually reduce net debt to EBITDAX to less than 0.75x from an already strong position.

- **Sustainable Development** – Pioneer and Parsley have demonstrated strong commitments to best-in-class environmental, social and governance practices.  The combined company will continue to aggressively pursue improvements and promote a culture that prioritizes sustainable operations.  Pioneer plans to publish a comprehensive 2020 Sustainability Report detailing its efforts in these areas during the fourth quarter of 2020.

**Transaction Details**

This all-stock transaction constitutes a 7.9% premium to Parsley shareholders based on unaffected closing share prices as of October 19, 2020.  Pioneer will issue approximately 52 million shares of common stock in the transaction.  After closing, existing Pioneer shareholders will own approximately 76% of the combined company and existing Parsley shareholders will own approximately 24% of the combined company.

The transaction has been unanimously approved by the Boards of Directors of both Pioneer and Parsley and is expected to close in the first quarter of 2021, subject to customary closing conditions, regulatory approvals and shareholder approvals.  Parsley's largest investor, Quantum Energy Partners, which owns approximately 17% of Parsley's outstanding shares, has executed a Voting and Support Agreement in connection with the transaction.

Upon closing of the transaction, Pioneer's Board of Directors will be expanded to thirteen to include Matt Gallagher, Parsley's President and CEO, and A.R. Alameddine, Parsley's lead director.  Pioneer's executive management team will lead the combined company with the headquarters remaining in Dallas, Texas.

## The Proxy Misleads Parsley Stockholders by Omitting Material Information

28.     On December 4, 2020, defendants filed the materially misleading and incomplete Proxy with the SEC.  Designed to convince Parsley's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) Parsley's and Pioneer's financial projections; (ii) the financial analyses that support the fairness opinions provided by the Company's financial advisors, Credit Suisse and Wells Fargo; (iii) the background of the Proposed Transaction; and (iv) Credit Suisse's and Wells Fargo's potential conflicts of interest.

### *Material Omissions Concerning Parsley's and Pioneer's Financial Projections*

29.     The Proxy is materially deficient because it fails to disclose material information concerning the financial projections.

30.     The Proxy sets forth that in connection with rendering its fairness opinion, Credit Suisse reviewed, among other things:

- (x) financial forecasts provided to Credit Suisse by Pioneer's management, as further described in " —Certain Pioneer Unaudited Prospective Financial and Operating Information" (referred to in this section as "Pioneer projections") and (y) projected production and operating data relating to Pioneer provided to Credit Suisse by Pioneer's management as adjusted to reflect, among other things, associated riskings and alternative commodity price assumptions discussed with and agreed by Parsley management (referred to in this section as "Pioneer adjusted production and operating projections"), based on certain oil and gas reserve information prepared by Pioneer's management regarding its oil and gas reserves (the "Pioneer reserve information");

- riskings for Parsley's and Pioneer's oil and gas reserves reviewed and discussed with Credit Suisse by Parsley's management (the "riskings for Parsley and Pioneer")[.]

*Id.* at 114-15.  The Proxy, however, fails to disclose the riskings for Parsley and Pioneer relied upon by Credit Suisse for its analyses.

31.     The Proxy further fails to disclose the forecasts considered by the Board during the spring of 2020, as well as a quantification of the updates to the forecasts Dalton reviewed with the Board on October 16, 2020.  *See id.* at 67.

32.     Additionally, the Proxy fails to disclose net income over the projection period and all line items underlying EBITDA and EBITDAX for each set of Parsley and Pioneer financial projections disclosed, as applicable.

33.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Background of the Mergers," "Certain Parsley Unaudited Prospective Financial and Operating Information" and "Opinions of Parsley's Financial Advisors."

***Material Omissions Concerning Credit Suisse's and Wells Fargo's Financial Analyses***

34.     The Proxy fails to disclose material information regarding Credit Suisse's and Wells Fargo's financial analyses.

35.     The Proxy describes Credit Suisse's and Wells Fargo's fairness opinions and the various valuation analyses performed in support of their opinions.  However, the description of Credit Suisse's and Wells Fargo's fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Parsley's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Credit Suisse's and Wells Fargo's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

36.     With respect to Credit Suisse's *Selected Companies Analysis* of Parsley and

Pioneer, the Proxy fails to disclose: (i) Parsley's estimated cash flow from operations for the year ended December 31, 2021, and estimated cash flow from operations of the year ended December 31, 2022, in each case based on the Parsley Corporate Forecast – 9/22/20; and (ii) Pioneer's estimated cash flow from operations for the year ended December 31, 2021, and estimated cash flow from operations of the year ended December 31, 2022, in each case based on the Pioneer Corporate Forecast – 9/22/20.

37.     With respect to Credit Suisse's *Discounted Cash Flow Analysis-Corporate* of Parsley and Pioneer, the Proxy fails to disclose: (i) the terminal value for each of Parsley and Pioneer; and (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley, and 9.0% to 11.0% for Pioneer.

38.     With respect to Credit Suisse's *Discounted Cash Flow Analysis-Net Asset Value* of Parsley and Pioneer, the Proxy fails to disclose the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley, and 9.0% to 11.0% for Pioneer.

39.     With respect to Wells Fargo's *Discounted Cash Flow Analysis* of Parsley and Pioneer, the Proxy fails to disclose: (i) the unlevered free cash flows of each of Parsley and Pioneer for the six months ending December 31, 2020 and for the calendar years ending December 31, 2021 through December 31, 2024, based on the Parsley projections and the Pioneer projections, respectively, utilized by Wells Fargo for its analyses; (ii) the terminal year metric Wells Fargo applied terminal EBITDAX multiples of 4.75x to 5.75x to in analyzing Parsley, and 5.50x to 6.50x in analyzing Pioneer; (iii) the terminal values for Parsley and Pioneer; and (iv) the individual inputs and assumptions underlying the discount rate range of 7.75% to 9.25% for Parsley, and 7.25% to 8.75% for Pioneer.

40.     With respect to Wells Fargo's *Selected Public Companies Analysis*, the Proxy fails

to disclose: (i) Parsley's 2021P EBITDAX, Parsley's 2021 estimated price per share as a multiple of estimated cash flows for the calendar year ending December 31, 2021 ("CFPS"), and Parsley's 2021P Production; (ii) Pioneer's 2021P EBITDAX, Pioneer's 2021P CFPS, and Pioneer's 2021P Production; and (iii) the individual multiples and financial metrics used in the analysis.

41.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Opinions of Parsley's Financial Advisors."

***Material Omissions Concerning the Background of the Proposed Transaction***

42.     The Proxy fails to disclose material information concerning the background of the Proposed Transaction.

43.     The Proxy fails to disclose whether Parsley entered into any confidentiality agreements that include "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding any potential counterparties from submitting a topping bid for the Company.

44.     Additionally, the Proxy sets forth:

On October 8, 2020, the Parsley board met to further consider the possibility of pursuing a combination with Pioneer. Members of Parsley senior management as well as representatives of Vinson & Elkins and Credit Suisse attended the meeting.

At the outset of the meeting, representatives of Vinson & Elkins reviewed with the members of the Parsley board their fiduciary duties with respect to the evaluation of a potential strategic combination. In addition, representatives of Vinson & Elkins discussed legal considerations related to actual or potential conflicts that could arise in connection with the evaluation of a strategic transaction, including the fact that the TRA holders (including Messrs. Bryan Sheffield, Gallagher, Dalton, and other officers) would be entitled to material early termination payments upon consummation of a transaction such as a combination with Pioneer (pursuant to the arrangement established at the time of Parsley's IPO), as well as the familial relationship between Mr. Bryan Sheffield and Mr. Scott Sheffield.

*Id.* at 65. The Proxy, however, fails to disclose: (i) when the Board and Company management first discussed the implications of the tax receivable agreements ("TRAs") in connection with a

strategic transaction; (ii) whether payment of the TRAs was discussed with Pioneer; and (iii) whether any of Pioneer's proposals or indications of interest contemplated payment of the TRA.

45.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Background of the Mergers."

***Material Omissions Concerning Credit Suisse's and Wells Fargo's Potential Conflicts of Interest***

46.     The Proxy fails to disclose material information concerning the potential conflicts of interest faced by Credit Suisse and Wells Fargo.

47.     The Proxy sets forth:

> Credit Suisse and its affiliates have in the past provided investment banking and other financial advice and services to Parsley and its affiliates for which advice and services Credit Suisse and its affiliates have received compensation, including among other things, during the past two years, having acted as an underwriter or initial purchaser in connection with an issuance of high yield debt securities by Parsley in 2020 for which Credit Suisse and its affiliates received aggregate fees of less than $1 million. Credit Suisse and its affiliates have in the past provided investment banking and other financial advice and services to Pioneer and its affiliates for which advice and services Credit Suisse and its affiliates have received compensation, including among other things, during the past two years, having acted as an underwriter or initial purchaser in connection with the issuance of debt securities in 2020, a counterparty in connection with the execution of a derivative transaction entered into in 2020 and an underwriter or initial purchaser in connection with an issuance of an equity convertible security in 2020 for which Credit Suisse and its affiliates received aggregate fees of approximately $10 million. . . . Credit Suisse and/or its affiliates are also participants and lenders under outstanding credit facilities of Parsley and Pioneer and/or certain of their respective affiliates. Credit Suisse or one of its affiliates has also extended a line of credit to the Executive Chairman of Parsley secured by a portion of his position in the Parsley Class A common stock and Parsley Class B common stock and the associated Parsley LLC units.

*Id.* at 122.  The Proxy, however, fails to disclose the amount of compensation Credit Suisse has received or expects to receive in connection with serving as a participant and lender under outstanding credit facilities of Parsley and Pioneer and for extending a line of credit to the

Executive Chairman of Parsley.  The Proxy further fails to disclose the details of any services Credit Suisse has provided, or is currently providing, to Q Jagged Peak Investment Partners, LLC ("Quantum"), the Company's largest stockholder which owns approximately 15.8% of the Company, or its affiliates, the timing and nature of such services and the amount of compensation Credit Suisse received, or expects to receive, in connection with any services provided.

48.    Additionally, the Proxy states:

> During the two years preceding the date of Wells Fargo Securities' written opinion, Wells Fargo Securities and its affiliates received aggregate fees of approximately $1.3 million from Parsley and approximately $3.2 million from Pioneer. Wells Fargo Securities or its affiliates are also an agent and a lender to one or more of the credit facilities of Parsley and Pioneer. In addition, during the two years preceding the date of Wells Fargo Securities' written opinion, Wells Fargo Securities and its affiliates had investment or commercial banking relationships with portfolio companies of affiliates of Quantum, which portfolio companies are not related to the proposed mergers.

*Id.* at 128.  The Proxy omits the amount of compensation Wells Fargo has received or expects to receive as an agent and a lender to one or more credit facilities of Parsley and Pioneer.  The Proxy further fails to disclose the details of the services Wells Fargo performed for the portfolio companies of Quantum affiliates, as well as the fees received in connection with such services.

49.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

50.    The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Opinions of Parsley's Financial Advisors.".

51.    Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

52.     Plaintiff repeats all previous allegations as if set forth in full.

53.     During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

54.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy.  The Proxy was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about Parsley's and Pioneer's financial projections, the financial analyses that support the fairness opinions provided by the Company's financial advisors, Credit Suisse and Wells Fargo, the background of the Proposed Transaction, and Credit Suisse's and Wells Fargo's potential conflicts of interest.  The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

55.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

56.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

57.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.   Therefore, injunctive relief is

appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

58.     Plaintiff repeats all previous allegations as if set forth in full.

59.     The Individual Defendants acted as controlling persons of Parsley within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Parsley, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

60.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

61.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy.

62.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed

Transaction.  The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

63.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

64.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Parsley's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Parsley, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 21, 2020

WEISSLAW LLP

By _____

Richard A. Acocelli
1500 Broadway, 16th Floor
New York, New York 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*

OF COUNSEL:

BRAGAR EAGEL & SQUIRE, P.C.
Melissa A. Fortunato
580 California Street, Suite 1200
San Francisco, CA 94104
Tel: (415) 568-2124
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*